UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN VI DOE,

        Plaintiff,

v.

THE ARCHDIOCESE OF PORTLAND IN OREGON, an Oregon corporation; THE ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON AND SUCCESSORS, and a corporation sole, d.b.a., THE ARCHDIOCESE OF PORTLAND IN OREGON,

        Defendants.

Case No. 3:16-cv-00335-YY

OPINION AND ORDER

SIMON, District Judge:

On February 23, 2016, Plaintiff John VI Doe ("Plaintiff"), an individual proceeding under a pseudonym, brought this action for sexual battery of a child under a respondeat superior theory of liability against the Archdiocese of Portland in Oregon and the Roman Catholic Archbishop of Portland in Oregon and Successors, d.b.a., the Archdiocese of Portland in Oregon ("Defendants"). Complaint, ECF #1.

This court has jurisdiction over Plaintiff's action under 28 U.S.C. § 1334(a) and Sections 6.4, 6.5, and 11.8 of the "Third Amended and Restated Joint Plan of Reorganization of Debtor,

1 – OPINION AND ORDER

Tort Claimants Committee, Future Claimants Representative, and Parish and Parishioners Committee" (dated April 9, 2007) in the matter of *Roman Catholic Archbishop of Portland in Oregon, an Oregon corporation; The Roman Catholic Archbishop of Portland in Oregon and Successors, and a corporation sole, d.b.a., The Archdiocese of Portland in Oregon*, United States Bankruptcy Court for the District of Oregon, Case No. 04-37154-ELP11 (2007) ("the Plan").

Before the court is Defendants' unopposed motion to approve settlement of 'future claims' and to approve payment from the Future Claims Trust (ECF #22). For the reasons set forth below, Defendants' motion is granted and the settlement is approved.

This court has the exclusive jurisdiction over what the Plan defines as "Future Claims" and the Future Claims Trust, pursuant to Sections 6.4.3 and 6.5.10 of the Plan. ECF #22-1, Ex. A, at 3, 9. The Plan also grants this court exclusive jurisdiction to approve payment of settlements of claimants, which is necessary for payment of a claim out of the Future Claims Trust. ECF #22-1, Ex. C, at 16, 17.

Section 11.8 of the Plan requires that notice of any motion to approve a settlement subject to the Future Claims Trust be served upon the court, on the Reorganized Debtor, all Tort Claimants having filed Claims or a lawsuit asserting a Claim (or having given written notice to the Reorganized Debtor in the case of Future Claims) whose Claims have not been paid in full, the Future Claimants Representative, the Known Tort Claims Trustee, and the Future Claims Trustee. *See* ECF #22, at 3, 4. Section 11.8 also provides that all notices shall provide the recipients at least 20 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request. *Id.* If no objection is timely filed, the court may authorize the proposed action without further notice or a hearing. *Id.*

On April 6, 2017, the parties met with a mediator where they agreed to settle the Plaintiff's claim. ECF #22, at 2. The proposed settlement requires payment from the Future Claims Trust to plaintiff in the amount of $300,000. *Id.* On May 15, 2017, defendants served the required notice on all necessary parties. Notice of Filing, ECF #22-2, Ex. E. The period for filing an objection to the parties' proposed settlement expired on June 8, 2017. No objections were filed.

In the absence of objection by any interested party, and in consideration of the size of the proposed payment at issue relative to the amount remaining in the Future Claims Trust, the court finds no reason exists to deny approval of the parties' proposed settlement.

## **CONCLUSION**

For the reasons set forth above, the motion (ECF #22) to approve the settlement of Plaintiff's claims against the Defendants and authorize payment in the amount of $300,000 from the Future Claims Trust is GRANTED.

**IT IS SO ORDERED.**

DATED this 6th day of July, 2017.

Michael H. Simon
United States District Judge